UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OSWARD LUIS FELIPE GUEDEZ,<br><br>     Petitioner,<br><br> -against-<br><br>LAWRENCE CATLETTI, et al.,<br><br>     Respondents. | Case No. 1:26-cv-02463 (JLR)<br><br>**<u>ORDER TO ANSWER</u>** |

JENNIFER L. ROCHON, United States District Judge:

Petitioner has, through his next friend Judimar Karina Avial Ramirez, filed a Petition for

the writ of *habeas corpus* under 28 U.S.C. § 2241.  The Court, having examined the Petition,

hereby ORDERS that:

(1) By **March 30, 2026**, Respondents shall file a letter with the following information:

 a. whether Petitioner was, as the Petition alleges, *see* Dkt. 1, ¶ 2, located in the Southern District of New York at the time that the Petition was filed and, if not, what District Petitioner was in at the time of filing and whether the Petition should be immediately transferred to that District, *see, e.g.*, *Öztürk v. Hyde*, 136 F.4th 382, 391-92 (2d Cir. 2025); *Khalil v. Joyce*, 771 F. Supp. 3d 268 (S.D.N.Y. 2025);

 b. Petitioner's A-number, current place of detention, and a contact person who can facilitate prospective counsel's access to Petitioner;

 c. the statutory provision(s) under which Respondents assert the authority to detain Petitioner;

 d. if the asserted basis for Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A), whether there is any basis to distinguish this case from *Guzman Andujar v. Francis*, No. 25-cv-09199 (JLR), 2025 WL 3215597 (S.D.N.Y. Nov. 18, 2025). If not, whether Respondents would consent to issuance of the writ — subject to preservation of Respondents' arguments for appeal;

 e. if applicable, whether Petitioner's parole under 8 U.S.C. § 1182(d)(5)(A) terminated automatically, 8 C.F.R. § 212.5(e)(1), or, alternatively, whether written notice was provided to Petitioner regarding the termination of Petitioner's parole, *id.* § 212.5(e)(2)(i);

 f. a copy of any final order of removal; and

g. any information regarding the procedural posture of any pending Department of Homeland Security or Executive Office for Immigration Review proceedings.

(2) Unless and until the Court orders otherwise, Respondents shall file an answer to the Petition by **April 1, 2026**; and

(3) Unless and until the Court orders otherwise, Petitioner shall file any reply by **April 8, 2026** at **5:00 p.m.**

This matter shall be heard by the Court on **April 10, 2026** at **10:00 a.m**. in the Daniel Patrick Moynihan United States Courthouse, Courtroom 20B, 500 Pearl Street, New York, NY 10007.  **Respondents shall produce Petitioner at the conference**.

To preserve the Court's jurisdiction pending a ruling on the Petition, Petitioner shall not be removed from the United States absent further order of this Court.  *See, e.g.*, *M.K. v. Joyce*, No. 25-cv-1935 (JMF), 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (citing cases); *see also, e.g.*, *Du v. United States Dep't of Homeland Sec.*, No. 25-cv-0644 (OAW), 2025 WL 1317944, at *1 (D. Conn. Apr. 24, 2025) ("[A] a federal court may temporarily enjoin immigration authorities from deporting individuals if it preserves the court's jurisdiction over a case or cases.").

**Moreover, in light of Petitioner's interests in participating in further proceedings before this Court and to facilitate resolution of the Petition, Respondents shall not transfer Petitioner except to a facility within this District, the Eastern District of New York, or the District of New Jersey absent further order of this Court**.  *See, e.g.*, *Perez y Perez v. Noem*, No. 25-cv-4828 (DEH), 2025 WL 1908284, at *2-3 (S.D.N.Y. June 13, 2025) (enjoining a *habeas* petitioner's transfer pending adjudication of his petition); *see also, e.g.*, *Arostegui-Maldonado v. Baltazar*, No. 25-cv-2205 (WJM) (STV), 2025 WL 2280357, at *14-16 (D. Colo. Aug. 8, 2025) (same); *Oliveros v. Kaiser*, No. 25-cv-7117 (BLF), 2025 WL 2677125, at *8-9, *11 (N.D. Cal. Sept. 18, 2025) (same).

All communications with the Court by a *pro se* party should be filed with the *Pro Se* Intake Unit by either (1) emailing the communication as an attachment in PDF format to ProSe@nysd.uscourts.gov (for instructions, see https://nysd.uscourts.gov/forms/instructions-filing-documents-email); (2) mailing the communication to the *Pro Se* Intake Unit, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007; or (3) hand-delivering the communication to the Pro Se Intake Unit.  No documents or court filings should be sent directly to Chambers.  Copies of correspondence between a *pro se* party and counsel shall not be sent to the Court.

If this case has been settled or otherwise terminated, the parties are not required to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event.  *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* http://nysd.uscourts.gov/ecf_filing.php.

### CONCLUSION

The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York of this Order.

By **March 30, 2026**, Respondents shall file a letter with the Court with the information described in this order.  Respondents shall file an answer to the Petition by **April 1, 2026**. Petitioner shall file any reply by **April 8, 2026** at **5:00 p.m.**

The matter shall be heard by the Court on **April 10, 2026** at **10:00 a.m.** in the Daniel Patrick Moynihan United States Courthouse, Courtroom 20B, 500 Pearl Street, New York, NY 10007.  **Respondents shall produce Petitioner at the conference**.

The Court directs the Clerk of Court to mail Petitioner's next friend an information package at the address listed in Dkt. 3.

Dated: March 25, 2026
New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge